**BLANK ROME LLP**
Michael B. Schaedle
Rick Antonoff
Gregory F. Vizza (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for Richter Advisory Group Inc.*
*In Its Capacity as Proposal Trustee and Foreign Representative for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------------- X | Chapter 15 |
| In re: : | |
| : | Case No. 15-_____ (  ) |
| **SHERSON GROUP INC.**, : | |
| : | |
| : | |
| Debtor in a Foreign Proceeding : | |
| ------------------------------------------------------------- X | |

## VERIFIED PETITION UNDER CHAPTER 15 FOR
## RECOGNITION OF A FOREIGN MAIN PROCEEDING

Richter Advisory Group Inc., the proposal trustee and foreign representative (the "Trustee") of Sherson Group Inc. (the "Company" or "Debtor") in the Company's proceeding (the "Canadian Matter") under the Canadian Bankruptcy and Insolvency Act, R.S.C., 1985, c. B-3 (as amended, the "BIA") filed with the Office of the Superintendent of Bankruptcy ("Superintendent"), respectfully files this *Verified Petition* (the "Verified Petition") *under Chapter 15 of title 11 of the United States Code* (the "Bankruptcy Code") *for Recognition of a Foreign Main Proceeding*. This Verified Petition is filed in furtherance of (i) the *Official Form Petition* (collectively, with this Verified Petition, the "Petition")[1] filed contemporaneously

---

[1] The *Declaration of Sam Babe of Aird & Berlis LLP (Canadian Bankruptcy Counsel) in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding* (the "Canadian Counsel Declaration") is filed contemporaneously herewith. All exhibits referred to herein are attached to the Canadian Counsel Declaration. In addition, all capitalized terms not otherwise defined herein have the meaning ascribed to them in the Canadian

herewith pursuant to Bankruptcy Code sections 1504 and 1515 commencing a case under chapter 15 ancillary to the Canadian Matter; (ii) seeking recognition of the Canadian Matter as a "foreign main proceeding"; and (iii) granting certain related injunctive and provisional relief.

The Trustee has commenced this chapter 15 case by filing the Petition contemporaneously with, and accompanied by, all certified documents, statements, lists and documents required under chapter 15 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). The Trustee seeks recognition of the Canadian Matter as a "foreign main proceeding" and certain injunctive relief and provisional relief in aid thereof.

All information contained in this Verified Petition is based on the Trustee's review of information provided to the Trustee by the Company and representations made to Trustee by individuals employed by the Company.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Code sections 109 and 1501, and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting CJ.), dated July 10, 1984 and Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, Acting CJ). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

---

Counsel Declaration.

# BACKGROUND

**A. Capital Structure of the Company and Overview of its Business**

3.      The Company was established in 1984 as Sherson Marketing Inc., which later became Sherson Marketing Corp., and subsequently amalgamated with another entity to become Sherson Group Inc. It is organized under the laws of the Province of Ontario, with a registered address at 1446 Don Mills Road, Suite 100, Toronto, Ontario, Canada.

4.      The Debtor is one of Canada's premier distributors and retailers of footwear and accessories. The Debtor's fashion portfolio features names such as *Nine West, Bandolino, Enzo Angiolini, Anne Klein, Easy Spirit, Adrienne Vittadini, Adrianna Papell, Taryn Rose, Flogg, Charles David, Circa Joan and David,* and *Mootsies Tootsies*. The Debtor's primary brand is *Nine West Shoes* and distribution occurs primarily through the Debtor's 48 retail locations in Canada (although a substantial percentage of sales occur through wholesale and E-commerce channels). The Company employs in excess of 600 workers throughout Canada.

5.      The Debtor has a $13 million[2] revolving loan facility (the "BOM Revolver") with Bank of Montreal ("BOM"), which is secured by a first-ranking security interest in the Debtor's property, including, without limitation, accounts and inventory, and is evidenced by a certain Credit Agreement, dated January 18, 2013. As of the Canadian Commencement Date, the Debtor was obligated to BOM in respect of the BOM Revolver in the approximate amount of $4.8 million, however, there is currently limited additional availability based on the applicable borrowing base and reserves. The Company also has a secured term loan with Bank of Montreal with remaining indebtedness owed in the amount of approximately $780,000.

---

[2] All references are to Canadian dollars.

6. The Debtor is also obligated on a $3 million term loan facility (the "BDC Term Loan") from BDC Capital, Inc. ("BDC"), which is secured by a general security interest in the Debtor's property subordinate by its terms to the BOM Revolver, and is evidenced by a certain Letter of Offer, dated January 11, 2013. As of the Canadian Commencement Date, the Debtor was obligated to BDC in respect of the BDC Term Loan in the approximate amount of $3 million.

7. The Debtor is likewise obligated to its general creditors, including trade creditors and distributors (including, without limitation, the Licensors in respect of the License Agreement), in excess of $25 million, and is obligated to certain insiders on certain terms in the amount of $4.5 million.

8. One of the Company's most significant assets is the License Agreement (defined below), under which it is maintains the exclusive license to distribute and sell products in Canada for various Nine West brands. The counterparties to the License Agreement are U.S. entities and the agreement is governed by New York law. The Company is indebted to the Licensors (defined below) in excess of $19 million under the License Agreement, making them by far the Company's largest creditor. Excluding the Licensors' claim, the Company owes approximately $6 million to unsecured creditors.

9. Blank Rome LLP holds a certain unused retainer from the Company in New York in connection with legal services performed in respect of this chapter 15 proceeding, which establishes its qualification to be a debtor under Bankruptcy Code section 109(a). See, e.g., In re Octaviar Admin. Pty Ltd., 511 B.R. 361, 373-74 (Bankr. S.D.N.Y. 2014); see also 28 U.S.C. § 1410.

B. **The Current Canadian Proceeding**

10. On June 29, 2015, the Company filed a *Notice of Intention to Make a Proposal* ("Notice of Intention") under the BIA. The Notice of Intention establishes the Company's ability under the BIA to negotiate a proposal with both its secured and unsecured creditors and present that proposal for a vote by all creditors. The Notice of Intention also indicates that Trustee has been selected by the Company as proposal trustee. Pursuant to the certain *Order* dated June 30, 2015 ("Authorizing Order"), Trustee is authorized by the Ontario Superior Court of Justice ("Canadian Bankruptcy Court") to act as the Company's foreign representative and specifically authorized to request the relief sought in this Verified Petition. Also on June 30, 2015, the Superintendent issued a *Certificate of Filing of a Notice of Intention to Make a Proposal* ("Certificate of Filing"), which certifies the acceptance of the Notice of Intention.

11. Accordingly, the Trustee is authorized to act as "foreign representative" of the Company in this chapter 15 case. The Notice of Intention, Certificate of Filing and a certified copy of the Authorizing Order are attached to the Canadian Counsel Declaration as **Exhibit "A"**, **Exhibit "B",** and **Exhibit "C"** respectively.

12. Under subsection 69(1) of the BIA, and similar to the automatic stay provision under Bankruptcy Code section 362, upon filing of the Notice of Intention creditors of the Company are generally stayed from: (i) commencing or prosecuting claims that arose prior to the commencement of the Canadian Matter, and (ii) executing on the assets of the Company. *See* BIA subsection 69(1).

C. **License Agreement with Nine West Brands.**

13. The Company is party to that certain *Amended and Restated Distribution and License Agreement* dated January 1, 2004 (as amended, restated, and/or modified from time to

5

time, the "License Agreement") among Jones Apparel Group Holdings, Inc., Nine West Development Corporation, Nine West Footwear Corporation, (collectively, the "Licensors") and 1209029 Ontario Limited ("1209029") and the Sherson Marketing Group ("SMG"), under which the Company (as successor by amalgamation to 1209029 and SMG), is vested with the right to distribute and sell licensed products and use certain proprietary rights and intellectual property owned by the Licensors. The License Agreement is governed by the laws of the State of New York.

14. The License Agreement is the primary contract under which the Company operates its business and is vital to the continued business operation of the Company through its Canadian Matter. Further, the rights provided to the Company by the License Agreement will provide the foundation of its proposal under the BIA.

15. Consistent with the Authorizing Order, the Trustee has filed this chapter 15 in order to protect the integrity of the License Agreement, which is an agreement governed by New York law, obligating the Licensors, entities, which are located in both New York and in Delaware. While the Debtor generally does business with the Licensors in Canada and expects that the Licensors will participate in the Canadian Matter, honoring the stay in Canada as to the License Agreement, given that the Licensors are located in the United States and given that the License Agreement is governed by New York law, if unstayed, each of the Trustee and the Debtor is particularly concerned that Licensors could attempt to gain an unfair advantage over other creditors by threatening to shut off service or to terminate the License Agreement with the Debtor under U.S. law. Thus, this chapter 15 proceeding seeks to preserve the Company's valuable interest in the License Agreement by recognizing the Canadian Matter and staying creditor action against Company assets in the United States including any termination or other

adverse action taken in respect of the License Agreement.

## STATUTORY BASIS FOR RELIEF REQUESTED

16. Chapter 15 of the Bankruptcy Code was specifically designed to assist foreign representatives such as Trustee in the performance of his duties. One of its express objectives is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3); *see also Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 132 (2d Cir. 2013); *In re Rede Energia S.A.*, 515 B.R. 69, 89-92 (Bankr. S.D.N.Y. 2014).

17. The Petition satisfies all of the requirements set forth in Bankruptcy Code section 1515. Moreover, the relief requested is necessary and appropriate under chapter 15 of the Bankruptcy Code. Granting recognition to the Canadian Matter and the relief requested is consistent with the goals of international cooperation and assistance to foreign courts, embodied in chapter 15 of the Bankruptcy Code.

18. Trustee submits that the relief sought herein is well within the scope of chapter 15 and that the criteria for recognition are met.

## RELIEF REQUESTED

19. Trustee seeks recognition of the Canadian Matter as a "foreign main proceeding" and hereby seeks entry of an order of this Court, substantially in the form of the *Order Granting Recognition and Relief in Aid of a Foreign Main Proceeding Pursuant to 11 U.S.C. §§ 105(a), 1517, 1520 and 1521*, attached hereto as Exhibit 1, (the "Proposed Order") granting the following relief in support of the Canadian Matter:

   (a) recognition of the Canadian Matter as a "foreign main proceeding" as defined in 11 U.S.C. § 1502(4) pursuant to 11 U.S.C. § 1517;

 (b) recognition of Trustee as the "foreign representative" of the Company within the meaning of 11 U.S.C. § 101(24) and for all purposes under chapter 15 of the Bankruptcy Code;

 (c) all relief afforded foreign main proceedings automatically upon recognition, including the "automatic stay" under Bankruptcy Code section 362, as of right pursuant to 11 U.S.C. § 1520, or, if not as of right, then as additional relief to the extent authorized by 11 U.S.C. § 1521.

20. Trustee also hereby seeks the following additional relief pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1515, 1517, 1519, 1520 and 1521 and, if and as necessary, Rule 65 of the Federal Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, as set forth in the form of the Proposed Order, including, without limitation:

 (a) all of the following relief:

  i. staying any action to terminate any contract or any other action to modify any contract or other intangible property right of the Company including, without limitation, in respect of the License Agreement;

  ii. staying the commencement or continuation of any action or proceeding concerning the assets (whether owned, leased or operated), rights, obligations or liabilities of the Company to the extent not stayed under 11 U.S.C. § 1520(a);

  iii. staying the continued prosecution (including discovery) of any ongoing litigation against the Company and the commencement of

      any additional actions against the Company (to the extent not already stayed by an order of this Court);

   iv. staying execution against the assets of the Company to the extent not stayed under 11 U.S.C. § 1520(a);

   v. recognizing any further orders of the Canadian Bankruptcy Court, including, without limitation, orders relating to the proposal of the Company, the administration of claims and interests in the Company and its assets, and permitting the Trustee and the Company to seek further implementing relief from the Court under Bankruptcy Code sections 1519(a) and 1521(a); and

 (b) such other and further relief as the Trustee may request from time to time, to the extent authorized by 11 U.S.C. § 1507 and additional assistance as authorized by 11 U.S.C. § 1507, and granting the Trustee such other and further relief as this Court may deem just and proper.

21. Granting the above relief and recognizing the Canadian Matter will ensure that the Company's affairs are expeditiously resolved, thus such relief is consistent with the goals of chapter 15.

## BASIS FOR RECOGNITION AND RELIEF REQUESTED

22. Bankruptcy Code section 1517 provides that, after notice and a hearing, an order recognizing a "foreign proceeding" shall be entered if "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502; (2) the foreign representatives applying for recognition are persons or body; and (3) the petition meets the requirements of section 1515." 11 U.S.C. § 1517(a).

23. As a threshold matter, since the passage of chapter 15, Canadian proceedings have routinely been granted recognition by courts in the United States pursuant to Bankruptcy Code section 1517(a). *See*, *e.g.*, *In re Electro Sonic Inc., et al.,* No. 14-10240 (Bankr. D. Del. Feb. 2, 2014); *In re Angiotech Pharmaceuticals, Inc., et al.*, No. 11-10269 (Bankr. D. Del. Feb. 22, 2011); *In re Metcalfe & Mansfield Alternative Investments, et al.*, No. 09-16709 (Bankr. S.D.N.Y. January 5, 2010); *In re Canwest Global Communications Corp., et al.*, No. 09-15994 (Bankr. S.D.N.Y. November 3, 2009); *In re SemCanada Crude Company*, et al., No. 09-12637 (Bankr. D. Del. Aug 27, 2009); *In re Quebecor World Inc.*, No. 08-13814 (Bankr. S.D.N.Y. July 1, 2009); *In re Biltrite Rubber (1984) Inc., et al.,* No. 09-31423 (Bankr. N.D. Ohio April 2, 2009); *In re Nortel Networks Corp.*, No. 09-10164 (Bankr. D. Del. Feb. 27. 2009); *In re MAAX Corporation,* No. 08-11443 (Bankr. D. Del. Aug 5, 2008); *In re Destinator Technologies, Inc.*, No. 08-11003 (Bankr. D. Del. June 6, 2008); *In re Muscletech Research and Development Inc. et al.,* Nos. 06 CIV 538 and 539 (S.D.N.Y. March 2, 2006).

24. Further, under former Bankruptcy Code section 304, the statutory predecessor to chapter 15, Canadian proceedings, including insolvency proceedings, were regularly granted comity. *See, e.g., In re Davis*, 191 B.R. 577, 587 (Bankr. S.D.N.Y. 1996) ("Courts in the United States uniformly grant comity to Canadian proceedings."). Accordingly, for the reasons set forth below, the Court should likewise recognize the Canadian Matter as a "foreign main proceeding" pursuant to Bankruptcy Code section 1517(a).

**A.    The Canadian Matter is a Foreign Proceeding and Trustee is the Company's <u>Foreign Representative.</u>**

25. Bankruptcy Code section 101(23) provides the definition for a "foreign proceeding":

10

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

26. Bankruptcy Code section 101(24) provides the definition of a "foreign representative":

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

27. As demonstrated by the Petition and the exhibits thereto, Trustee assumed the role of the proposal trustee for the Company in accordance with the BIA as disclosed in the Notice of Intention and the Authorization Order. Given his specific authority under the Authorization Order to file this chapter 15 case, Trustee qualifies as a "foreign representative" of the Company.

28. It is beyond cavil that the BIA is a collective insolvency law, designed to optimize recoveries for creditors and other stakeholders and ensure the survival of troubled companies. This is clearly set forth in the Canadian Counsel Declaration and further evidenced by the routine recognition of Canadian proceedings by this Court under both the Canadian Companies' Creditors Arrangement Act and BIA. *See In re Metcalfe & Mansfield Alternative Investments, et al.*, No. 09-16709 (Bankr. S.D.N.Y. January 5, 2010); *In re Canwest Global Communications Corp., et al.*, No. 09-15994 (Bankr. S.D.N.Y. November 3, 2009); *In re Quebecor World Inc.*, No. 08-13814 (Bankr. S.D.N.Y. July 1, 2009); *In re Muscletech Research and Development Inc.*

*et al.*, Nos. 06 CIV 538 and 539 (S.D.N.Y. March 2, 2006). Accordingly, the Canadian Matter qualifies as a foreign proceeding.

29. A foreign proceeding will be recognized as a foreign main proceeding if "it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). Bankruptcy Code section 1516 establishes a rebuttable presumption that the debtor's registered office is the debtor's center of main interests ("COMI"). See 11 U.S.C. § 1516. When considering a debtor's COMI, courts may consider the analogous concept of an entity's "principal place of business" or "nerve center." *Fairfield Sentry*, 714 F.3d at n.10. As such, courts will look to factors such as the location of the debtor's headquarters, the location of those who actually manage the debtor, and the location of the debtor's primary assets, among other things, to determine the foreign debtor's COMI. *Id.* at 130.

30. The above factors conclusively favor a finding that the Company's COMI is Canada. All of the Company's operations are centered in Canada, its head office is located in Canada, its directors are located in Canada, it is incorporated under the laws of Canada, and its employees work in Canada. As such, the Canadian Matter constitutes a foreign main proceeding.

B. **The Canadian Matter Meets the Remaining Requirements for Recognition.**

31. The Petition and the supporting documentation satisfy all the remaining requirements for recognition. First, the Trustee is a corporation and, thus, a "person" within the meaning of Bankruptcy Code section 101(41).

32. In addition, Trustee has satisfied all of the procedural requirements set forth in Bankruptcy Code section 1515 and Bankruptcy Rule 1007(a)(4):

    (a)    <u>First</u>, the Petition is accompanied by copies of the Notice of Intention, Certificate of Filing, and a certified copy of the Authorizing Order, which

provide evidence of the existence of a foreign proceeding in Canada and that Trustee, in accordance with the BIA, has assumed the role of proposal trustee and "foreign representative" of the Company. *See* Exhibits A, B and C to the Canadian Counsel Declaration. As a result, Trustee has satisfied the requirements of Bankruptcy Code section 1515(b). *See* 11 U.S.C. § 1515(b)(1).

(b) <u>Second</u>, Trustee has provided a statement confirming that there are no other foreign proceedings other than the Canadian Matter, thereby satisfying Bankruptcy Code section 1515(c).

(c) <u>Finally</u>, the lists and statements required under Bankruptcy Rule 1007(a)(4) have been included with the Petition.

33. Accordingly, Trustee and the Petition satisfy all of the requirements for recognition of the Canadian Matter as a foreign main proceeding.

**RESERVATION OF RIGHTS**

34. Pursuant to Bankruptcy Code sections 1519(a) and 1521(a), Trustee hereby reserves all rights to seek, at any point (either before or after a change in circumstances under Bankruptcy Code section 1518), further and other relief from this Court that may be necessary to implement the Canadian Matter and to effectuate the purposes of chapter 15, including, without limitation, seeking to enforce the Canadian stay and implement and effectuate any proposal under the BIA (the "<u>BIA Proposal</u>") filed by the Company and approved by the Canadian Bankruptcy Court and any related orders of the Canadian Bankruptcy Court (the "<u>Proposal Approval Orders</u>").

**REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(B)**

35. It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a memorandum of law on the grounds that the relevant authorities and legal authorities in support of the Verified Petition are contained herein. Notwithstanding the foregoing request, Trustee reserves the right to file an appropriate memorandum of law should it become necessary under the circumstances.

**HEARING DATE AND NOTICE**

36. Trustee requests that the Court set a date for a hearing (the "Hearing Date") pursuant to Bankruptcy Code section 1517(c) and Local Bankruptcy Rule 2002-2 to approve the Petition and recognize the Canadian Matter as a foreign main proceeding. If no objections to this Petition are filed by the date ordered for such objections, Trustee requests that the Court enter the Proposed Order recognizing the Canadian Matter as a foreign main proceeding without a hearing pursuant to Local Rule 2002-1. Trustee submits that when the Hearing Date has been set by the Court, notice will be given as reasonable and appropriate and consistent with Bankruptcy Rule 2002(q).

37. In furtherance of this request, contemporaneously herewith, Trustee has filed the *Application for Order Scheduling Hearing on Chapter 15 Petition and Specifying Form and Manner of Service of Notice of Hearing*.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court grant the relief requested and such other and further relief as may be just and proper.

Dated: July  2 , 2015

                        RICHTER ADVISORY GROUP INC., in its capacity as proposal trustee and foreign representative of Sherson Group Inc.

By: _____
Name: Gilles Benchaya
Title: Partner


Dated: New York, New York
       July  6 , 2015

                        BLANK ROME LLP


By: */s/ Michael B. Schaedle*
Michael B. Schaedle
Rick Antonoff
Gregory F. Vizza (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Richter Advisory Group Inc. In Its Capacity as Proposal Trustee and Foreign Representative for the Debtor*