# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                                                  :
In re:                                                            :    Chapter 15
                                                                  :
**SHERSON GROUP, INC.**                                           :    Case No. 15-_____
                                                                  :
                                                                  :
     Debtor in a Foreign Proceeding.                              :
                                                                  :
----------------------------------------------------------------- X

## ORDER TO SHOW CAUSE WITH FIRST PROVISIONAL ORDER GRANTING STAY

Upon the motion (the "Motion")[1] of Richter Advisory Group Inc., in its capacity as the proposal trustee ("Trustee") and foreign representative of Sherson Group, Inc. (the "Debtor") in the Matter of Intention to Make a Proposal (the "Canadian Mattes") under Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended, ("BIA") filed in the Office of the Superintendent of Bankruptcy ("Superintendent") and in this case pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), and pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings through Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105(a), 1507, 1519, and 1521 of the Bankruptcy Code, for a provisional order to show cause with temporary restraining order and a preliminary injunction; and upon the *Verified Petition Under Chapter 15 for recognition of a Foreign Main Proceeding* (and all exhibits appended thereto) (the "Verified Petition"); the Court finds and concludes solely for the purposes of this Order pending a

---

[1]    Any capitalized term not otherwise defined in this order will have the meaning ascribed to such term in the Motion.

hearing on the preliminary injunction if an objection is filed to this Motion by the deadline set forth herein, as follows:

1. The Trustee commenced a case ancillary to a foreign proceeding on behalf of the Debtor with this Court pursuant to chapter 15 of the Bankruptcy Code;

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and venue is proper pursuant to 28 U.S.C. § 1410;

3. This Court, pursuant to sections 105(a), 1507, 1519 and 1521 of the Bankruptcy Code, Rule 7065 of the Bankruptcy Rules, and Rule 65 of the Federal Rules, may issue any order as may be necessary or appropriate to carry out the provisions of the Bankruptcy Code, including but not limited to issuing a temporary restraining order; and

4. From specific facts in the Verified Petition and by the Motion, it appears that

   a. immediate and irreparable injury, loss or damage would result to the Debtor before the adverse parties or those parties' attorneys can be heard in opposition;

   b. without the relief sought the Debtor will suffer litigation prejudice, distraction of key personnel, and diminution of property from the loss of key licensing and product sourcing rights; and

   c. the relief requested is in the best interests of the Debtor, its creditors and other parties in interest.

NOW THEREFORE, IT IS HEREBY ORDERED that a temporary restraining order is issued herefrom, on this ___ day of July, 2015 at _____ a.m./p.m., without notice, enjoining all Persons (as defined below), and all those acting for or on their behalf, from taking the following actions in the United States and its territories:

(i) Taking any action or proceeding, directly or indirectly, to: (x) enforce rights to payment, claims, offsets, liens, charges, encumbrances, or interests against the Debtor, the Trustee, the Debtor's directors, or Debtor property or its estate or business, (y) obtain possession of property of the Debtor or property from the Debtor or (z) exercise control over the Debtor, its property or its business, pending further order of the Court;

(ii) Discontinuing, failing to honor, altering, interfering with, repudiating, terminating or ceasing to perform any right, renewal right, contract, agreement, license or permit in favor of or held by the Debtor, including, without limitation, the License Agreement, pending further order of the Court;

(iii) Discontinuing, altering, interfering with or terminating any oral or written agreement with the Debtor or statutory or regulatory mandate for the supply of goods and/or services, including without limitation all licensing, distribution, product supply, computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtor's business or the Debtor, and the Debtor shall be entitled to the continued use of its current premises, telephone numbers, facsimile numbers, internet addresses and domain names; provided, in each case, that the contractual prices or charges for all such goods or services received after the Canadian Commencement Date are paid by the Debtor in accordance with ordinary payment practices of the Debtor or such other practices as may be agreed upon by the supplier or service provider, the Debtor and the Trustee, or as may be ordered by the Canadian Court or as provided for expressly under the BIA; and

(iv) Taking any action that would be in violation of any order of the Canadian Court or this Court,

until either (x) an objection is filed in respect of the preliminary injunction and the Second Provisional Order and the Court decides whether to grant the Debtor's request for a preliminary injunction, or (y) if no objection is filed in respect of the preliminary injunction and the Second Provisional Order and the Court decides whether to grant the Verified Petition and recognize the Canadian Matter at a hearing to be scheduled by the Court in such a circumstance after the hearing on the preliminary injunction has been cancelled; and it is further

ORDERED, that pursuant to Rule 7065 of the Bankruptcy Rules, the security provisions of Rule 65(c) of the Federal Rules be, and the same hereby are, waived; and it is further

ORDERED, that service of the Motion, Verified Petition, and this Order on July __, 2015 by (a) hand delivery on the Office of the United States Trustee and (b) by overnight delivery service or email if pdf (if such addresses are known), on (i) all parties against whom injunctive relief is being sought pursuant to the relief herein, (ii) BOM and BDC, and (iii) all parties to litigation pending in the United States in which a Debtor is a party at the time of filing of the

chapter 15 petitions, shall constitute good and sufficient service and adequate notice of this Order; and it is further

ORDERED that, if an objection has been filed as contemplated by this order, pursuant to Rule 65 of the Federal Rules and Bankruptcy Rule 7065, a hearing on the Trustee's request for a preliminary injunction will be held before the Honorable [          ], United States Bankruptcy Judge, in Room [          ] of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, on July ___, 2015 (the "Preliminary Injunction Hearing") at [          ] a.m./p.m, or as soon thereafter as counsel may be heard; and it is further

ORDERED, that objections, if any, to the Trustee's request for a preliminary injunction must be made in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the objection and the specific grounds therefor, and shall be filed with the Court with a copy to Chambers, together with proof of service thereof, and shall be served in a manner so as to be received by _:__p.m. on July ___, 2015 by Blank Rome LLP, attorneys for the Trustee, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174, and One Logan Square, Philadelphia, PA 19103, Attention: Michael B. Schaedle.

Dated: _____
    New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

4