# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
: 
In re:                                                                 :    Chapter 15
                                                                       :
**SHERSON GROUP, INC.**                                                :    Case No. 15-_____ ( )
                                                                       :
                                                                       :
    Debtor in a Foreign Proceeding.                                    :
                                                                       :
                                                                       :
---------------------------------------------------------------------- X

## SECOND PROVISIONAL ORDER GRANTING STAY

Upon the motion (the "Motion")[1] of Richter Advisory Group Inc., in its capacity as the Proposal Trustee ("Trustee") and foreign representative of Sherson Group, Inc., (the "Debtor") in the Matter of Intention to Make a Proposal (the "Canadian Matter") under Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended, ("BIA") filed in the Office of the Superintendent of Bankruptcy ("Superintendent") and in these cases pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings through Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and sections 105(a), 1504, 1507, 1519 and 1521 of the Bankruptcy Code, for a preliminary injunction; and upon the *Verified Petition Under Chapter 15 for recognition of a Foreign Main Proceeding* (and all exhibits appended thereto) (the "Verified Petition"); and upon the First Provisional Order entered on July ___, 2015; and the hearing to consider entry of the preliminary injunction having been held on _____, 2015 (the "Hearing"); and upon the record at the Hearing and statements of

---

[1] Any capitalized term not otherwise defined in this order will have the meaning ascribed to such term in the Motion.

counsel therein; and it appearing that, based on the circumstances, due and sufficient notice of the Verified Petition, Motion, the First Provisional Order, and the Hearing has been given by the Trustee; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

1. The Trustee commenced a case ancillary to a foreign proceeding on behalf of the Debtors with this Court pursuant to chapter 15 of the Bankruptcy Code;

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and venue is proper pursuant to 28 U.S.C. § 1410;

3. This Court, pursuant to sections 105(a), 1507, 1519 and 1521 of the Bankruptcy Code, Rule 7065 of the Bankruptcy Rules and Rule 65 of the Federal Rules, may issue any order as may be necessary or appropriate to carry out the provisions of the Bankruptcy Code, including but not limited to issuing a preliminary injunction; and

4. The Debtor will suffer irreparable harm unless its creditors, contractual counterparties and litigation counterparties (or potential litigation counterparties) are preliminarily enjoined to the extent provided in this Order.

NOW THEREFORE, IT IS HEREBY ORDERED that all Persons (as defined below), and all those acting for or on their behalf, are hereby enjoined and prohibited from taking the following actions in the United States and its territories:

(i) Taking any action or proceeding, directly or indirectly, to: (x) enforce rights to payment, claims, offsets, liens, charges, encumbrances, or interests against the Debtor, the Trustee, the Debtor's directors, or Debtor property or its estate or business, (y) obtain possession of property of the Debtor or property from the Debtor or (z) exercise control over the Debtor, its estate, or its business, pending further order of the Court;

(ii) Discontinuing, failing to honor, altering, interfering with, repudiating, terminating or ceasing to perform any right, renewal right, contract, agreement, license or permit in favor of or held by the Debtor, including, without limitation, the License Agreement, pending further order of the Court;

2

(iii) Discontinuing, altering, interfering with or terminating any oral or written agreement with the Debtor or statutory or regulatory mandate for the supply of goods and/or services, including without limitation all licensing, distribution, product supply, computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Debtor's business or the Debtor, and the Debtor shall be entitled to the continued use of its current premises, telephone numbers, facsimile numbers, internet addresses and domain names; <u>provided,</u> in each case, that the contractual prices or charges for all such goods or services received after the Canadian Commencement Date are paid by the Debtor in accordance with ordinary payment practices of the Debtor or such other practices as may be agreed upon by the supplier or service provider, the Debtor and the Trustee, or as may be ordered by the Canadian Court or as provided for expressly under the BIA; and

(iv) Taking any action that would be in violation of any order of the Canadian Court or this Court;

and it is further,

ORDERED, that pursuant to Rule 7065 of the Bankruptcy Rules, the security provisions of Rule 65(c) of the Federal Rules be, and the same hereby are, waived; and it is further

ORDERED that each of the Trustee and the Debtor is entitled to the full protections and rights available pursuant to section 1519(a) of the Bankruptcy Code; and it is further

ORDERED that the stay of actions and proceedings against the Debtor and the Trustee described herein shall exist to the same extent and to the same duration as such stays of actions and proceedings exist in favor of such parties in the Canadian Matter under the BIA, unless otherwise ordered by this Court.

Dated: _____
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

3