**BLANK ROME LLP**
Michael B. Schaedle
Rick Antonoff
Gregory F. Vizza (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for Richter Advisory Group Inc.*
*In Its Capacity as Proposal Trustee and Foreign Representative for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X    Chapter 15
In re:                                                            :
                                                                  :    Case No. 15-_____ (    )
**SHERSON GROUP INC.**,                                           :
                                                                  :
                                                                  :
             Debtor in a Foreign Proceeding                       :
----------------------------------------------------------------- X

### DECLARATION OF FOREIGN REPRESENTATIVE AS REQUIRED BY 11 U.S.C. § 1515 AND IN SUPPORT OF THE *EX PARTE* APPLICATION FOR PROVISIONAL RELIEF PENDING RECOGNITION OF A FOREIGN MAIN PROCEEDING

I, Gilles Benchaya, in my capacity as Partner of Richter Advisory Group Inc., pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this statement, except for those portions specified as being otherwise. All of the information and facts included herein are based on my review of information provided to the Trustee by the Company and representations made to the Trustee by individuals employed by the Company.

2. Richter Advisory Group Inc. ("Trustee") has been authorized as the proposal trustee and foreign representative of Sherson Group Inc. ("Company").

3. On June 29, 2015, the Company filed a *Notice of Intention to Make Proposal* ("Notice of Intention") in Canada under the Canadian Bankruptcy and Insolvency Act (the "BIA"), initiating a proceeding (the "Canadian Matter") filed in the Office of the Superintendent of Bankruptcy ("Superintendent").

4. The Notice of Intention establishes the Company's ability under the BIA to negotiate a proposal with its secured creditors and other stakeholders and present that proposal for a vote by its unsecured creditors. The Notice of Intention also indicates that Trustee has been selected by the Company as proposal trustee. Pursuant to the certain *Order* dated June 30, 2015 ("Authorizing Order"), Trustee is authorized by the Ontario Superior Court of Justice (the "Canadian Bankruptcy Court") to act as the Company's foreign representative and specifically authorized to petition for relief under chapter 15 in the United States Bankruptcy Court. Also on June 30, 2015, the Superintendent issued a *Certificate of Filing of a Notice of Intention to Make a Proposal* ("Certificate of Filing"), which certifies the acceptance of the Notice of Intention.

5. Accordingly, the Trustee is authorized to act as "foreign representative" of the Company in this chapter 15 case. The Notice of Intention, Certificate of Filing, and a certified copy of the Authorizing Order are attached to *Declaration of Sam Babe of Aird & Berlis LLP (Canadian Bankruptcy Counsel) in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding* (the "Canadian Counsel Declaration") as **Exhibit "A", Exhibit "B",** and **Exhibit "C"** respectively.

## BACKGROUND

6. The Company was established in 1984 as Sherson Marketing Inc., which later became Sherson Marketing Corp. and, subsequently amalgamated with another entity to

become Sherson Group Inc.  It is organized under the laws of the Province of Ontario with a registered address at 1446 Don Mills Road, Suite 100, Toronto, Ontario, Canada.

7.      The Debtor is one of Canada's premier distributors and retailers of footwear and accessories.  The Debtor's fashion portfolio features names such as *Nine West, Bandolino, Enzo Angiolini, Anne Klein, Easy Spirit, Adrienne Vittadini, Adrianna Papell, Taryn Rose, Flogg, Charles David, Circa Joan and David,* and *Mootsies Tootsies*.

8.      The Debtor's primary brand is *Nine West Shoes* and distribution occurs primarily through the Debtor's 48 retail locations in Canada (although a substantial percentage of sales occur through wholesale and E-commerce channels).  The Debtor employs in excess of 600 workers throughout Canada.

9.      The Debtor has a $13 million[1] revolving loan facility (the "BOM Revolver") with Bank of Montreal ("BOM"), which is secured by a first-ranking security interest in the Debtor's property, including, without limitation, accounts and inventory, and is evidenced by a certain Credit Agreement, dated January 18, 2013.  As of the Canadian Commencement Date, the Debtor was obligated to BOM in respect of the BOM Revolver in the approximate amount of $4.8 million, however, there is currently limited additional availability based on the applicable borrowing base and reserves.  The Company also has a secured term loan with Bank of Montreal with remaining indebtedness owed in the approximate amount of $780,000.

10.     The Debtor is also obligated on a $3 million term loan facility (the "BDC Term Loan") from BDC Capital, Inc. ("BDC"), which is secured by a general security interest in the Debtor's property subordinate by its terms to the BOM Revolver, and is evidenced by a certain Letter of Offer, dated January 11, 2013.  As of the Canadian

---

[1] All references are to Canadian dollars.

3

Commencement Date, the Debtor was obligated to BDC in respect of the BDC Term Loan in the approximate amount of $3 million.

11. The Debtor is likewise obligated to its general creditors, including trade creditors and distributors (including, without limitation, the Licensors in respect of the License Agreement), in excess of $25 million, and is obligated to certain insiders on certain terms in the amount of $4.5 million.

12. One of the Company's most significant assets is the License Agreement (defined below), under which it is maintains the exclusive license to distribute and sell products in Canada for various Nine West brands. The counterparties to the License Agreement are U.S. entities and the agreement is governed by New York law. The Company is indebted to the Licensors (defined below) in excess of $19 million under the License Agreement, making them by far the Company's largest creditor. Excluding the Licensors' claim, the Company owes approximately $6 million to unsecured creditors.

13. The Company has faced certain challenges associated with market conditions (both as to its core products and currency volatility) and the unsuccessful implementation of a growth strategy developed with the Licensors in connection with the License Agreement. This has led to a liquidity crisis and resulting covenant defaults in connection with the BOM Revolver and defaults under the License Agreement. The Company, in conjunction with its consultants, will be developing a comprehensive restructuring proposal ("Proposal") to address underperforming stores, right size the Company's overhead, clear excess inventory positions and address the payable to the Licensors, liquidity constraints and senior and second lien lender defaults.

14. The Proposal, which will require concessions and cooperation from the Company's creditors, will enable a restructuring that will value maximize for all Company creditors, including the Licensors.

## RECOGNITION AS A FOREIGN MAIN PROCEEDING

15. It is the Trustee's belief that the Canadian Matter is the only foreign proceeding with respect to the Company. This statement is made in satisfaction of the requirements of section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code").

16. The Trustee believes that the Canadian Matter is a "foreign main proceeding" as the Trustee has been advised that term is defined in Bankruptcy Code sections 101(23) and 1502(4), respectively, because, among other things, the registered office of the Company is sited in Canada as are its chief executive offices and the primary locus of its business operations. Canada, where the Canadian Matter is venued, is therefore the center of main interests of the Company within the meaning ascribed in Bankruptcy Code section 1516(c).

17. The Trustee believes that the Company is eligible to be a "debtor" under Bankruptcy Code section 109 based on the eligibility requirements the Trustee has been advised of, because, among other things, the Company has tangible and intangible property located in the State of New York. Specifically, the Company is party to that certain *Amended and Restated Distribution and License Agreement* dated January 1, 2004 (as amended, restated, and/or modified from time to time, the "License Agreement") among Jones Apparel Group Holdings, Inc., Nine West Development Corporation, Nine West Footwear Corporation, (collectively, the "Licensors") and 1209029 Ontario Limited ("1209029") and the Sherson Marketing Group ("SMG"), in which the Company (as successor by amalgamation to 1209029 and SMG) is vested with the right to distribute and sell licensed

5

products and use certain proprietary rights and intellectual property owned by the Licensors. The License Agreement is governed by the laws of the State of New York and the Licensors are located in New York and Delaware. Further, Blank Rome LLP through its New York Office holds a certain unused retainer from the Company in connection with legal services performed in respect of this chapter 15 proceeding. Accordingly, the Trustee has been informed that the Company is eligible to be a debtor under Bankruptcy Code section 109 and that venue is proper in this Court under applicable law. See, e.g., In re Octaviar Admin. Pty Ltd., 511 B.R. 361, 373-74 (Bankr. S.D.N.Y. 2014); see also 28 U.S.C. § 1410.

18. As proposal trustee and foreign representative of the Company, the Trustee has directed our United States counsel, Blank Rome LLP, to: (i) commence this chapter 15 case for the Company; (ii) seek relief to prohibit parties from continuing, commencing or initiating litigation against the Company or its assets or taking steps to enforce judgments or take any other adverse action against the Company's tangible or intangible property within the territorial jurisdiction of the United States including, without limitation, the License Agreement; and (iii) seek such additional assistance as we may request from time to time to facilitate the Canadian Matter and the orderly administration of the Company's affairs, including, without limitation, seeking to enforce the Canadian stay and effectuate any BIA Proposal and other Proposal Approval Orders (as each such term is defined in the Verified Petition).

## NEED FOR PROVISIONAL RELIEF

19. The Trustee respectfully submits that it is appropriate to ask for *ex parte* relief, for the following reasons:

(a) As discussed in the Ex Parte *Motion* ("Provisional Relief Motion") *of Foreign Representative for Provisional Relief in the Form of an Order to Show Cause with*

6

*Temporary Restraining Order and, After Notice and a Hearing, A Preliminary Injunction*, immediate provisional relief is appropriate and supported by the filed papers.

(b)  Such relief is especially appropriate in this context as the exercise of any right to terminate or otherwise modify the terms of the License Agreement would have a devastating effect on the Company's ability to present a proposal under the BIA to the detriment of the collective creditor body.

20.  Recognition of the Canadian Matter under chapter 15 of the Bankruptcy Code, and immediate provisional relief under Bankruptcy Code section 1519, will best assure an economical and equitable proposal for the benefit of all of the Company's creditors. Immediate provisional relief is sought in order to preserve and protect the Assets and prevent harm to the Company's creditors. If provisional relief is not granted, the Company's creditors may take actions that would disrupt the orderly administration of the Company's estate, leading to conflict between the United States courts and the Canadian Bankruptcy Court and, at a minimum, overly burden the proposal process in Canada.

21.  As set forth in the Verified Petition and Provisional Relief Motion, the Company is the subject of a "foreign proceeding" within the meaning of Bankruptcy Code section 101(23), which is a "foreign main proceeding" within the meaning of Bankruptcy Code section 1502(4). Further, the Trustee is a "foreign representative" within the meaning of Bankruptcy Code section 101(24).

22.  The Trustee believes the Company is entitled to obtain the provisional relief requested pursuant to Bankruptcy Code sections 105(a) and 1519, which, in the form requested, is in the best interest of the Company and its creditors.

23. The requested provisional relief will assure that the Licensors cannot take any pre-emptive actions to circumvent the Canadian stay imposed by the filing of the Notice of Intention. Any adverse action by the Licensors in respect of the License Agreement would frustrate the purposes of the Canadian Matter. Accordingly, without a provisional stay in the United States, the Licensors could take action that will result in immediate economic harm to the Company and all of its creditors.

24. Moreover, any person interacting with the Company could reasonably expect that it must comply with Canadian insolvency law when engaging in business activities with the Company, regardless of whether or not that person is located in Canada and is aware of the Canadian Matter. Therefore, it would be inherently fair and expected to require all parties to respect the stay imposed by Canadian law and conform to and submit their claims in the Canadian Matter, as would be the case for creditors of a debtor under chapter 11 of the Bankruptcy Code. All creditors will be able to participate in the Canadian Matter on an equitable basis with all other similarly situated creditors.

25. No prior application for the relief requested in the Provisional Relief Motion or similar relief has been made.

[*Remainder of Page Intentionally Left Blank*]

      IN WITNESS WHEREOF, the Trustee has executed this declaration under penalty of perjury under the laws of the United States of America this  2nd  day of July, 2015.

Executed at Toronto, Canada
on July   2  , 2015

                                          RICHTER ADVISORY GROUP INC., in its capacity as the proposal trustee and foreign representative of Sherson Group. Inc.

By: _____
Name:  Gilles Benchaya
Title:  Partner