**BLANK ROME LLP**
Michael B. Schaedle
Rick Antonoff
Gregory F. Vizza (*pro hac vice* admission pending)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 885-5000
Fax: (212) 885-5001

*Attorneys for Richter Advisory Group Inc.*
*In Its Capacity as Proposal Trustee and Foreign Representative for the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
In re:                                                            :    Chapter 15
                                                                  :
                                                                  :    Case No. 15-_____ (   )
**SHERSON GROUP INC.**                                            :
                                                                  :
                                                                  :
                                                                  :
         Debtor in a Foreign Proceeding                           :
----------------------------------------------------------------- X

### DECLARATION OF SAM BABE OF AIRD & BERLIS LLP IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF <u>FOREIGN MAIN PROCEEDING</u>

I, Sam Babe, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.    I am an attorney licensed, and in good standing, to practice in Canada. I am a member of the law firm of Aird & Berlis LLP, a law firm located in Toronto, Canada.

2.    Aird & Berlis has been retained by Sherson Group Inc. (the "<u>Company</u>"), to represent the Company as its primary counsel in its Canadian proceeding under the Canadian Bankruptcy & Insolvency Act, R.S.C., 1985, c. B-3 (as amended, the "<u>BIA</u>") and as Canadian counsel in connection with this chapter 15 case.

3.    I have been practicing law in Canada for 11 years. The focus of my practice is bankruptcy and corporate insolvency. I was educated in law at the University of Toronto, where

I graduated in 2003 with a Juris Doctor and Masters in Business Administration.  I have extensive experience with bankruptcy and corporate insolvency cases in Canada.

4. This declaration is comprised of matters that are statements of legal opinion and/or statements of fact.  Where the matters stated in this declaration are statements of legal opinion, such statements reflect Canadian law based on my education and years of experience practicing Canadian law in Canada.  Where the matters stated in this declaration are statements of fact they are either:  (i) based on my personal knowledge, and are known to me to be true and accurate, or (ii) if not within my personal knowledge, are derived from documents and/or information supplied to me by or on behalf of the Company and/or Richter Advisory Group Inc. ("Trustee"), the proposal trustee and foreign representative of the Company, and are true to the best of my knowledge, information and belief.

5. I submit this declaration in support of the petition for recognition of a foreign main proceeding, and related relief made pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code").

6. The Company was established in 1984 as Sherson Marketing Inc., which later became Sherson Marketing Corp. and, subsequently amalgamated with another entity to become Sherson Group Inc.  It is organized under the laws of the Province of Ontario with a registered address 1446 Don Mills Road, Suite 100, Toronto, Ontario, Canada.

7. The Debtor is one of Canada's premier distributors and retailers of footwear and accessories.  The Debtor's fashion portfolio features names such as *Nine West, Bandolino, Enzo Angiolini, Anne Klein, Easy Spirit, Adrienne Vittadini, Adrianna Papell, Taryn Rose, Flogg, Charles David, Circa Joan and David,* and *Mootsies Tootsies*.

2

8.   The Debtor's primary brand is *Nine West* and distribution occurs primarily through the Debtor's 48 retail locations in Canada (although a substantial percentage of sales occur through wholesale and E-commerce channels). The Debtor employs in excess of 600 workers throughout Canada.

9.   The Debtor has a $13 million[1] revolving loan facility (the "BOM Revolver") with Bank of Montreal ("BOM"), which is secured by a first-ranking security interest in the Debtor's property, including, without limitation, accounts and inventory, and is evidenced by a certain Credit Agreement, dated January 18, 2013. As of the Canadian Commencement Date, the Debtor was obligated to BOM in respect of the BOM Revolver in the approximate amount of $4.8 million, however, there is currently limited additional availability based on the applicable borrowing base and reserves. The Company also has a secured term loan with Bank of Montreal with remaining indebtedness owed in the approximate amount of $780,000.

10.  The Debtor is also obligated on a $3 million term loan facility (the "BDC Term Loan") from BDC Capital, Inc. ("BDC"), which is secured by a general security interest in the Debtor's property subordinate by its terms to the BOM Revolver, and is evidenced by a certain Letter of Offer, dated January 11, 2013. As of the Canadian Commencement Date, the Debtor was obligated to BDC in respect of the BDC Term Loan in the approximate amount of $3 million.

11.  One of the Company's most significant assets is the License Agreement (defined below), under which it is maintains the exclusive license to distribute and sell products in Canada for various Nine West brands. The counterparties to the License Agreement are U.S. entities and the agreement is governed by New York law. The Company is indebted to the Licensors (defined below) in excess of $19 million under the License Agreement, making them by far the

---

[1] All references are to Canadian dollars.

3

Company's largest creditor. Excluding the Licensors' claim, the Company owes approximately $1.5 million to unsecured creditors.

**The Canadian Proceeding**

12. On June 29, 2015, the Company filed a *Notice of Intention to Make a Proposal* ("Notice of Intention") under the BIA. The Notice of Intention establishes the Company's ability under the BIA to negotiate a proposal with its secured creditors and other major stakeholders and present that proposal for a vote by its unsecured creditors. The Notice of Intention also indicates that Trustee has been selected by the Company as proposal trustee. Pursuant to the certain *Order* dated June 30, 2015 ("Authorizing Order"), Trustee is authorized by the Ontario Superior Court of Justice ("Canadian Bankruptcy Court") to act as the Company's foreign representative and specifically authorized to request the relief sought in the Verified Petition. Also on June 30, 2015, the Superintendent issued a *Certificate of Filing of a Notice of Intention to Make a Proposal* ("Certificate of Filing"), which certifies the acceptance of the Notice of Intention.

13. Accordingly, the Trustee is authorized to act as "foreign representative" of the Company in this chapter 15 case. The Notice of Intention, Certificate of Filing and a certified copy of the Authorizing Order are attached hereto as **Exhibit "A"**, **Exhibit "B",** and **Exhibit "C"** respectively.

**Reasons for and Anticipated Results of the Canadian Bankruptcy Filing.**

14. The Company has faced certain challenges associated with market conditions (both as to its core products and currency volatility) and the unsuccessful implementation of a growth strategy developed with the Licensors in connection with the License Agreement. This has led to a liquidity crisis and resulting covenant defaults in connection with the BOM Revolver

4

and defaults under the License Agreement. The Company, in conjunction with its consultants, will be developing a comprehensive restructuring proposal ("Proposal") to address underperforming stores, right size the Company's overhead, clear excess inventory positions and address the payable to the Licensors, liquidity constraints and senior and second lien lender defaults.

15. The Proposal, which will require concessions and cooperation from the Company's creditors, will enable a restructuring that will value maximize for all Company creditors, including the Licensors.

**Overview of Proposal Proceedings under Canadian Law.**

16. This section sets forth the provisions of the BIA that govern the Company's Canadian filing and related proceeding. Under subsection 50.4(1) of the BIA[2], the debtor company initiates a proceeding by filing a Notice of Intention to Make a Proposal with the Office of the Superintendent of Bankruptcy ("Superintendent"). *See* BIA subsection 50.4(1). This filing immediately invokes a broad stay of legal action against the Company, its assets, the Trustee, and its directors in Canada, including in respect of the important License Agreement. *See* BIA subsection 69(1); 69.31. Further, the stay generally prevents creditors from: (i) commencing or prosecuting claims that arose prior to the commencement of the Canadian proceeding, and (ii) executing on the assets of the Company. *Id.* Importantly, the stay under the BIA restrains any action by the Licensors to terminate the License Agreement.

17. The proposal trustee is nominated by the debtor company prior to filing the Notice of Intention and confirmed as proposal trustee upon issuance of the Certificate of Filing. The responsibilities of the proposal trustee include: (i) advising and assisting with the Company's preparation for the filing of a Notice of Intention and any proposal under the BIA;

---

[2] The references cited herein are references to the BIA, a copy of which is attached hereto as **Exhibit "D"**.

(ii) reviewing for its reasonableness all cash flow statements to be filed in accordance with the BIA; (iii) determining the causes of the Company's financial difficulties; advising on and participating in the preparation of the Company's proposal, including any negotiations thereon; (iv) monitoring the Company's business and financial affairs and reporting on any material adverse change in the Company's cash flow or financial circumstances; (v) determining the relative advantages to creditors of the Company's proposal versus a bankruptcy; and (vi) formulating an opinion as to whether or not the Company's proposal is in the best interests of the creditors and reporting to the Company's creditors and the Canadian Court on the Company's proposal. *See generally*, BIA Part III, Div. I.

18.  The proposal trustee works with the debtor company to present a proposal to restructure the business based on negotiations with the company's creditors. The proposal is then presented to the all creditors eligible to vote on whether to accept the proposal. BIA section 54. If the proposal is accepted by the voting creditors, its terms must then be approved by the Canadian Court. BIA section 59. If the proposal is not accepted or the company fails to comply with the terms of its proposal, the Company is deemed to be bankrupt. BIA sections 57, 59, & 63.

19.  The creditors of a company that has filed a Notice of Intention are required to assert their claims in that proceeding. BIA section 50. More specifically, upon the commencement of the rehabilitation proceeding, the company will prepare a list of the creditors' claims. Creditors to whom a proposal is made must file and prove their proofs of claim. BIA section 53. The creditors must file their proofs of claims prior to the scheduled meeting of creditors during which the creditor vote occurs. *Id.*

20. Companies in proceeding under the BIA have an opportunity to achieve a collective outcome that is generally beneficial to company stakeholders such as creditors, customers and employees.

[*Remainder of page intentionally left blank*]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Toronto, Canada on July _2_, 2015

_____
SAM BABE
PARTNER
AIRD & BERLIS LLP