UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
In re:                                                           :    Chapter 15
                                                                 :
**SHERSON GROUP INC.**,                                          :    Case No. 15-11765-shl
                                                                 :
                                                                 :
           Debtor in a Foreign Proceeding                        :
---------------------------------------------------------------- X

### AMENDED ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1517, 1520 AND 1521

A hearing having been held before the Court on July 27, 2015 (the "Hearing") to consider the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding* and the *Official Form Petition* (collectively, with all exhibits attached thereto, the "Petition")[1] (i) commencing this chapter 15 case and (ii) seeking recognition of the Canadian Matter commenced by Sherson Group Inc. (the "Company") under the Canadian Bankruptcy & Insolvency Act (the "BIA") as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code; and the Court having considered and reviewed all pleadings, exhibits, affidavits and other documents filed in connection with and in support of the Petition (collectively the "Supporting Documents") submitted by Richter Advisory Group Inc., the proposal trustee and foreign representative of the Company in the Canadian Matter (the "Trustee"); and it appearing that due and timely notice of the filing of the Petition and the Hearing and Trustee's intent to rely on the BIA and related Canadian insolvency law has been given by Trustee consistent with this Court's previous *Order Scheduling Hearing on Verified Chapter 15 Petition and Specifying Form and Manner of Notice of Hearing*, dated July 8, 2015 [Dkt. 17]; and such notice appearing to be adequate for all purposes

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Petition.

146057.01600/101127517v.4

such that no other or further notice thereof need be given; and this Court having reviewed and considered any objection or other response; and all interested parties having had due and proper notice and an opportunity to be heard; and the Court having heard argument by counsel appearing at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

  A. Pursuant to 11 U.S.C. § 1514, appropriate and timely notice of the filing of the Petition and the Hearing was given by Trustee, and such notice is sufficient for all purposes, and no other or further notice is necessary or required.

  B. All interested parties had an opportunity to be heard at the Hearing.

  C. Any objection or other responses that have not been withdrawn or otherwise resolved are hereby overruled.

  D. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

  E. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

  F. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

  G. Trustee has satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bank. P. 1007(a)(4) and demonstrated that:

    (i) the Company is subject to a pending foreign proceeding within the meaning of 11 U.S.C. § 101(23);

    (ii) the Canadian Matter is pending in Toronto, Canada, the country where the Company's center of main interests is located, and, accordingly, the Canadian Matter is a "foreign main proceeding" pursuant to 11 U.S.C. §1502(4) and is entitled to recognition as a foreign main

proceeding pursuant to 11 U.S.C. §1517(b)(1);

(iii)    Trustee is the foreign representative of the Company within the meaning of 11 U.S.C § 101(24);

(iv)    the chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515; and

(v)    the Petition satisfies the requirements of 11 U.S.C. § 1515 and Trustee is entitled to all relief provided pursuant to 11 U.S.C. §§ 1507, 1520, and 1521, without limitation, and as ordered by this Court;

(vi)    the relief granted hereby is necessary and appropriate and in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521 to avoid irreparable harm, and will not cause hardship to any plaintiffs in litigation against the Company or its assets in the United States or other parties in interest that is not outweighed by the benefits of granting that relief.

(vii)    the interest of the public will be served by this Court's granting the relief requested by Trustee.

**NOW, THEREFORE, IT IS HEREBY:**

1.    ORDERED, that the Canadian proceeding respecting the Company under the BIA is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

2.    ORDERED, that the Canadian proceeding respecting the Company under the BIA is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. §1517(b)(1); and it is further

3.    ORDERED, that all relief afforded a foreign main proceeding pursuant to 11 U.S.C. §§ 1507 and 1520 is granted; and it is further

4. ORDERED, that the Notice of Intention, Authorizing Order and any other orders entered by the Canadian Bankruptcy Court are recognized by this Court; and it is further

5. ORDERED, that 11 U.S.C. §§ 361 and 362 apply with respect to the Company and the property of the Company that is currently within, or may be brought in, the territorial jurisdiction of the United States (the "Assets"); and it is further

6. ORDERED, that consistent with 11 U.S.C. § 1520(a)(1) all persons and entities are hereby enjoined from:

    (a) executing against or attaching any Assets;

    (b) discontinuing, failing to honor, altering, interfering with, repudiating, terminating or ceasing to perform any right, renewal right, contract, agreement, license or permit in favor of or held by the Debtor specifically including, without limitation, the License Agreement;

    (c) commencing or continuing any litigation or any actions to undertake the enforcement in the United States of any legal proceeding (including, without limitation arbitration, or any judicial, quasi-judicial, administrative or regulatory action, assessment, proceeding or process or any actions related thereto including discovery) ("Actions"), or taking any other Actions against or involving Trustee (in Trustee's capacity as foreign representative of the Company) and any Assets or any rights, obligations or liabilities of the Company;

    (d) securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Company or Trustee (with respect to the Company), or any

     Assets;

  (e) commencing or continuing any Action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Company, Trustee (with respect to the Company), or any of the Assets;

  (f) continuing any Action or commencing any additional Action, including discovery, involving the Company, its Assets, or Trustee (with respect to the Company); or

  (g) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Company or its Assets; and it is further;

7. ORDERED that any further orders of the Canadian Bankruptcy Court, including, without limitation, in respect of the BIA Proposal, any Proposal Approval Orders and any other orders relating to the administration of claims and interests in the Company and its assets, shall be recognized; and it is further

8. ORDERED, that this Order shall be served upon all known parties in interest (or their counsel) as identified in the Company's Lists attached to the Petition, by electronic mail or by facsimile transmission, or by courier or in the event service by electronic mail or facsimile cannot be accomplished, then by either United States mail, first class postage prepaid or overnight delivery service, **on or before 10:00 p.m.** on July 27, 2015; and upon any other interested party that becomes known to Trustee at such time as they are sufficiently identified, by United States mail, first class postage prepaid or by courier or by email within three (3) business days following the time any such party is identified by Trustee; and it is further

9. ORDERED, that service in accordance with this Order shall constitute adequate

5

Pg 6 of 6

and sufficient service and notice; and it is further

10. ORDERED, that the Petition and the Supporting Documents shall be made available with the Court Clerk, and electronically to registered court filing system users and will be made available from Trustee upon request to counsel: Blank Rome LLP, 405 Lexington Avenue, New York, New York 10174 (Attn: Michael B. Schaedle, Esq.); and it is further

11. ORDERED, that, pursuant to 11 U.S.C. § 1521(a), the Trustee shall, unless otherwise ordered by this Court, retain the right at any point (either before or after a change in circumstances under 11 U.S.C. § 1518) to seek any further and other relief from this Court that may be necessary to implement the Canadian Matter and/or to effectuate the purposes of chapter 15, including, without limitation, seeking to enforce the Canadian stay and implement and effectuate the BIA Proposal and any Proposal Approval Orders.

Dated: New York, New York
       July 27, 2015

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

Issued at 5:30 p.m.